Merrimack,
March 4, 1941. } No. 3193.

PUBLIC SERVICE COMMISSION *v.* H. P. WELCH COMPANY.

*Dudley W. Orr* (by brief and orally), for the plaintiff.

*Robert W. Upton and Richard F. Upton* (*Mr. Richard F. Upton* orally), for the defendant.

BRANCH, J. Our prior decision in this controversy, *Welch Company* v. *State*, 89 N. H. 428, proceeded squarely upon the assumption that when the regulations of the Interstate Commerce Commission became effective, they would supersede the state regulations here involved. *Ib.* 437. The same is true of the decision of the Supreme Court of the United States in the same case, where it is said: "Without so deciding, we assume, so far as concerns the periods of continuous service condemned by the state commission, that when the federal regulations take effect they will operate to supersede the challenged provisions of the state statute." *Welch Company* v. *State*, 306 U. S. 79, 84. We are now asked to hold that the underlying assumption of the previous opinion was unsound and that the local regulations are still effective although, since March 1, 1939, regulations of the Interstate Commerce Commission regulating hours of service have been in force. Due regard for the reasonable reliance of parties upon decisions of this court to determine the extent of their legal obligations, as well as obvious considerations of judicial consistency, unite to impose upon the plaintiff a heavy burden of persuasion.

The contention of the plaintiff that "the two laws do not deal with the same subject matter" and that the New Hampshire statute, together with the regulations of the Public Service Commission thereunder are merely highway regulations, whereas the Federal regulations are designed to protect interstate commerce and workers engaged in it, can hardly be adopted in view of the fact that the section of the statute herein involved, like the applicable rules of the Interstate Commerce Commission, deals specifically with "hours of service." Laws 1933, *c.* 106, *s.* 8; Motor Carrier Safety Regulations of the Interstate Commerce Commission, part 5.

Equally unavailing is the contention of the plaintiff that the two regulations may stand together. "Supplementary as well as conflicting regulations of the same subject by the states are, therefore,

330

precluded by the Federal Constitution as it has been interpreted by the Supreme Court." *University Overland Express, Inc.* v. *Griffin*, 89 N. H. 395, 399.

These two arguments, particularly the first one, together with their corollaries, are the chief reliance of the plaintiff. They cannot be adopted. We therefore conclude that the New Hampshire regulations here in question have been superseded by those of the Motor Carrier Act of 1935 and the regulations of the Interstate Commerce Commission prescribed thereunder. This conclusion renders it unnecessary to decide the other three questions reserved by the Superior Court.

*Bill dismissed.*

All concurred.